IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action |
| | ) | |
| v. | ) | No. 12-10219-01-MLB |
| | ) | |
| DINH NGUYEN, | ) | |
| Defendant. | ) | |

## UNITED STATES RESPONSE TO COURT'S QUESTIONS

Comes Now the United States and responds to the Court's questions posed at the end of the evidentiary sentencing hearing in this matter.

At the end of the evidentiary sentencing hearing in this matter, the Court expressed the following concerns:

> THE COURT: Here's my problem. I already have a problem about this witness's testimony in terms of what information he got from the Defendant. I've told you that and you can research that and write me a letter or whatever you want to;[1] and

> THE COURT: Am I -- is it your respective positions that I am either to take the Government's figure or the Defendant's figure?[2]

---

[1] P. 133, Line 12; Transcript of Sentencing Hearing.
[2] P. 133, Line 18; Transcript of Sentencing Hearing.

From these concerns expressed by the Court, the United States will answer the following questions:

1. May the Court consider the hearsay statements of the defendant which were offered during the testimony of Dale McDaniel?; and

2. Must the Court accept the "tax loss" figure of either the United States or the defendant or is it free to come to its own figure?

## Defendant's Hearsay Statements

May the Court consider the hearsay statements of the defendant which were offered during the testimony of Dale McDaniel?

Yes, if the Court finds them to be reliable. The Court is free to accept or reject the hearsay.

### Reliable Hearsay Permissible

Reliable Hearsay is permissible for sentencing purposes, and the district court is free to accept or reject it. *United States v. Sedillo*, 557 Fed.Appx. 769 (10th Cir 2014) *citing United States v. Beaulieu*, 893 F.2d 1177, 1179-81 (10thCir. 1990) *cert denied* 497 U.S. 1038, 110 S.Ct. 3302, 111 L.Ed.2d 811(1990).

Title 18 U.S.C. § 3661 provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States *may* receive and consider for the purpose of imposing an appropriate sentence." Federal Evidence Rule 1101 states that the rules of

evidence do not apply to sentencing[3] and, USSG 6A1.3 provides that "In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy."

**Defendant's Statements**

Defendant Nguyen did not testify at the sentencing hearing. He declined to be interviewed by the Internal Revenue Service and he did not provide information regarding the offense to the United States Probation Office.

At the sentencing hearing, Nguyen's statements were offered through his witness, Dale McDaniel, who testified that he based his tax calculations on the word of the defendant. Nguyen told McDaniel that he received loans from his family, in the form of cash, which was never reported or reduced to writing. While McDaniel admitted that there exists not one piece of physical evidence to support Nguyen's story,[4] he took Nguyen's word for it and used his statements regarding the $172,000 in unreported cash expenditures to create a loss in 2005 that could be carried over to 2006.[5] Without this loss, Nguyen's tax liability would increase substantially.

---

[3] Rule 1101(d)(3): These rules—except for those on privilege--do not apply to the following: (3) miscellaneous proceedings such as: sentencing.

[4] pp 126-127, Transcript of Sentencing Hearing

[5] pp 124-125, Transcript of Sentencing Hearing

3

### Self-Serving Hearsay

Defendants often try to prove their own statements through the testimony of another witness. In a trial, it is improper to attempt to admit a defendant's self-serving hearsay version of facts through another witness to establish the truth of the matters contained in that version. *United States v. Savaiano*, 843 F.2d 1280 (10th Cir. 1988). A defendant cannot offer his self-serving hearsay version without the defendant subjecting himself to cross-examination. There is no constitutional right to present a defense through inadmissible evidence. *United States v. Ford*, 761 f.3d 641, (6th Cir. 2014)( Out-of-court statements made by a party-opponent are an exception to the general hearsay rule. Fed.R.Evid. 801(d)(2). This exception reflects that "the adversarial process allows the party-declarant to rebut his or her own admissions by testifying at trial." *United States v. McDaniel*, 398 F.3d 540, 545 (6th Cir.2005). This hearsay exception does not, however, "extend to a party's attempt to introduce his or her own statements through the testimony of other witnesses." *Id*). Such self-serving hearsay, is excluded from trial because of its inherit reliability. Because this was not a trial, the Court could consider Nguyen's statements offered through McDaniel if, it found them to be reliable. The first task in that venture is to find McDaniel's testimony credible.

### McDaniel Not Credible Witness

In his testimony, Mr. McDaniel acknowledged that he accepted as true and relied on two things for his calculations of loss, and his opinions and conclusions: (1) the

defendant's statements to him;[6] and (2) the defendant's intention to change the method of doing business starting in October 2005.[7] These, of course, go hand-in-hand as you must have Nguyen's statements to know his intentions.

Just how thorough was Mr. McDaniel's investigation; just how honest was Nguyen with McDaniel; and just how honest was Mr. McDaniel with the Court? Some examples demonstrate how either the investigation was poor, Mr. Nguyen was not forthcoming in his discussions with McDaniel and/or just how incredible Mr. McDaniel's testimony was.

Mr. McDaniel was unaware of the Sedgwick County District Attorney's Office Consumer Fraud Economic Crime Division's actions taken against the defendant which coincided with their late 2005/2006 changes in business. Why did he not know about the DA's Office suing Mr. Nguyen? Either he did not look into the business or Mr. Nguyen did not tell him about it. Had either of these occurred, it would offer another explanation for why Nguyen might change his method of doing business.

Mr. McDaniel was unaware that while Mr. Nguyen -- the 10% shareholder-- took some $568,000 in 2006, while the 90% owner of the corporation – Mark Shipley – received $0 when the corporation ended in 2007. Why? He chose not to look into the dissolution of the corporation in 2007 because he did not believe it was important.

Finally, Mr. Nguyen, the 10% owner, took no salary but a "distribution"[8] of $568,000 for 2006. Agent Hamor testified that in an S Corporation one's distribution

---

[6] pp 92, 104, 132, Transcript of Sentencing Hearing
[7] pp 92-96, Transcript of Sentencing Hearing

should be in accordance with how much stock one owns.  He also told the Court that if there are such disproportionate distributions, the IRS invalidates the S Corporation.[9]  Mr. McDaniel later fielded questions about this.  He disagreed with Agent Hamor, testifying that one must only take a reasonable salary to comply with the S Corporation rules and the IRS.[10]  He then would not admit that a salary of $0 was unreasonable for one taking a "distribution" of $568,000, arguing that "I don't know. I'm not sure what all duties Mr. Nguyen would have provided and I don't know the fair market value of those duties would have been."[11]

Clearly Mr. McDaniel chose not to ask important questions and/or look into the facts of this case.   When confronted with facts he himself argued were true, he would not admit a simple truth, Mr. Nguyen's salary of $0 was not a reasonable salary.

**Tax Loss**

*Must the Court accept the "tax loss" figure of either the United States or the defendant or is it free to come to its own figure?*

*The Court is not required to accept the figures from wither the United States or the defendant.  It may find a tax loss which differs from both parties.*

---

[8]  As labeled by Mr. McDaniel. See pp 129-130, Transcript of Sentencing Hearing
[9] pp 42 – 45, Transcript of Sentencing Hearing

[10] p130, Transcript of Sentencing Hearing

[11] p130, Transcript of Sentencing Hearing

USSG Section 2T1.1 defines tax loss for 26 U.S.C. §§ 7201. For cases involving income tax evasion, the tax loss is "the total amount of loss that was the object of the offense (i.e., the loss that would have resulted had the offense been successfully completed)." USSG §2T1.1(c)(1). Ultimately, "[i]n some instances, such as when indirect methods of proof are used, the amount of the tax loss may be uncertain; the guidelines contemplate that the court will simply make a reasonable estimate based on the available facts." USSG §2T1.1, comment. (n.1); see also *United States v. Spencer*, 178 F.3d 1365, 1368 (10th Cir. 1999) (recognizing that, although government has the burden of proof, "neither the government nor the court has an obligation to calculate the tax loss with certainty or precision");*United States v. Pesaturo*, 476 F.3d 60, 73 (1st Cir. 2007) (estimation of tax loss was necessary when defendant did not keep accurate records); United States v. Hart, 324 F.3d 575, 578 (8th Cir. 2003); *United States v. Bishop*, 291 F.3d 1100, 1114-15 (9th Cir. 2002) (finding no error where the court based its sentence on the government's calculation of tax loss and concluding, "It is not the government's or the court's responsibility to establish the defendants' itemized deductions, if no itemized deduction information was offered by the defendants."); *United States v. Bryant*, 128 F.3d 74, 75-76 (2d Cir. 1997) (per curiam) (relying on Section 2T1.1 commentary to uphold tax loss estimation for defendant convicted of assisting in the preparation of numerous false returns; estimation included tax loss extrapolated from unaudited returns).

The United States must prove the amount of tax loss by a preponderance of the evidence. In the wake of *Booker*, every court of appeals has held that judicial fact-finding at sentencing by the preponderance of the evidence standard remains the proper way to calculate the advisory Guidelines range. *United States v. Leahy*, 473 F.3d 401, 413 (1st Cir. 2006); *United States v. Singletary*, 458 F.3d 72, 80 (2d Cir. 2006); *United States v. Grier*, 475 F.3d 556, 561 (3d Cir. 2007) (en banc); *United States v. Washington*, 404 F.3d 834, 848 (4th Cir. 2005); *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005); *United States v. Kosinski*, 480 F.3d 769, 775-77 (6th Cir. 2007); *United States v. Bryant*, 420 F.3d 652, 656 (7th Cir. 2005); United States v. Garcia-Gonon, 433 F.3d 587, 593 (8th Cir. 2006); United States v. Hagege, 437 F.3d 943, 959 (9th Cir. 2006); *United States v. Magallanez*, 408 F.3d 672, 685 (10th Cir. 2005); *United States v. Lindsey*, 482 F.3d 1285, 1294 (11th Cir. 2007); *United States v. Coles*, 403 F.3d 764, 768 (D.C. Cir. 2005).

## Conclusion

If the Court finds them to be reliable, it may consider the hearsay statements of the defendant which were offered during the testimony of Dale McDaniel.  The Court is free to accept or reject the hearsay. The United States urges the Court to reject them as unreliable.

The Court is not required to accept the "tax loss" figure of either the United States or the defendant.   It may find a tax loss which differs from both parties. While the United States has the burden of proof, neither the government nor the court has an obligation to

calculate the tax loss with certainty or precision and in a case, as here, where the defendant did not keep accurate records, an estimation of tax loss becomes necessary.

Respectfully submitted,

Barry R. Grissom
United States Attorney

s/David M. Lind
DAVID M. LIND, #12106
Assistant U.S. Attorney
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
Telephone: (316) 269-6481
Fax: (316) 269-6484
E-mail: david.lind@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2014, I electronically filed the foregoing Motion with the clerk of the court by using the CM/ECF system.

s/David M. Lind
DAVID M. LIND
Assistant U.S. Attorney